IN THE MATTER OF THE APPLICATION OF THE PROSPECT PARK & CONEY ISLAND RAILROAD COMPANY TO ACQUIRE TITLE TO LANDS OF MOYNAHAN AND OTHERS.

*Land taken for public highway — subjected to the additional burden of a railroad thereon — measure of compensation.*

Where land has been taken by right of eminent domain for a public highway, and the damages awarded therefor are all assessed back upon the adjoining land for benefits supposed to be derived from the opening of the highway, and thereafter the land so taken for a highway is sought to be subjected to the additional burden of having a railroad constructed thereon, the compensation for such additional use should be the same as if the highway had not been opened.

In such case the land-owners are entitled to the actual value of the land taken, and also to recover for the depreciation of the residue of the lot from which it is taken, and for any depreciation caused by the use to which the land taken is appropriated.

MOTION for a reargument of an appeal from an order confirming the report of commissioners of appraisal, appointed to appraise the compensation to be made by the petitioner, the railroad company, for certain real estate proposed to be taken by the company for the purpose of their incorporation.

The strip of land proposed to be taken by these proceedings is in the centre of a public highway, called Gravesend avenue, which had been opened and graded by commissioners, pursuant to chapter 531 of the Laws of 1873, and an act amendatory thereof, being chapter 276 of 1874. The company did not seek to extinguish the fee, but to acquire the easement for railroad purposes. The strip in question is owned in fee by twenty-two different owners, subject to the perpetual easement of the public therein as a highway. The act allowing the railroad company to construct a steam road had been passed, and had become a law before the commissioners for opening Gravesend avenue had done any act under their appointment except to organize.

The commissioners herein awarded one dollar in each case, except three; in one of these three dollars, and in the other two six cents. The opinion delivered on the argument of this appeal will be found in 13 Hun, 345.

*Benjamin G. Hitchings*, for the land-owners.

*John H. Bergen*, for the company.

DYKMAN, J.:

There is no necessity in this case for a reargument. The questions involved were fully argued, and received a thorough examination by all the members of the court, and there was no difference of opinion between them. The commissioners of appraisement gave nominal damages, only, to the land-owners, on the theory, probably, that the land had been already taken for Gravesend avenue, a public highway. We thought this was erroneous, and

that the damages should be substantial, and, therefore, set aside the report of the appraisers and appointed new commissioners. It seems now that the opinion prepared was not so explicit in relation to the damages as to place our views beyond doubt, and all we have to do is to express ourselves more plainly upon that subject. The owners of the land over which Gravesend avenue was constructed received no pay for the land. The damages awarded were assessed back on the adjoining land for benefits which it was supposed to derive from the opening of the avenue. The additional burden of the railroad for another public use cannot be imposed upon this land without compensation, and we think that compensation in this particular case should be the same as if the avenue had not been built — that is, that the land-owers are entitled to the actual value of land taken, and the depreciation of the residue of the lot from which it is taken, and also to any depreciation caused by the use to which the land taken is to be appropriated.

BARNARD, P. J., concurred; GILBERT, J., dissented.

Motion denied.